# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| TAHOE RENO INDUSTRIAL CENTER, LLC,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BRONWOOD, LLC et al.,<br><br>　　　　　　Defendants. | Case No.: 3:14-cv-00170-RCJ-VPC<br><br>**ORDER** |

　　　Plaintiff Tahoe Reno Industrial Center, LLC ("TRIC") has sued several Defendants for declaratory relief.  Two groups of Defendants have separately moved to dismiss for lack of subject matter jurisdiction, arguing that there is not complete diversity, and that even if there were, the assignment of the judgment at issue to TRIC was collusively made to create subject matter jurisdiction in this Court, and that there is therefore no diversity. *See* 28 U.S.C. § 1359.

　　　Plaintiff alleges that at least three Defendants are California residents. (*See* Compl. ¶¶ 2–3, 5–6. Mar. 28, 2014, ECF No. 1).  As to its own citizenship, Plaintiff alleges only that it is a Nevada limited liability company, an allegation that says nothing of Plaintiff's citizenship for the purposes of the diversity statute. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  Plaintiff makes no allegation as to its owner(s), member(s), or

manager(s).  The public records of which the Court may take judicial notice, i.e., on the Nevada Secretary of State's public website, indicate that TRIC's sole manager is Norman Properties, Inc. ("Norman"), with an address in Poway, California.  The California Secretary of State's website does not indicate any such California corporation.  However, the public website <normanproperties.com> indicates the company has the same Poway, California address as is given on the Nevada Secretary of State's website, which indicates that the Poway, California address is Norman's headquarters.  In response, TRIC alleges that although its sole *manager* is a California entity, its *members* are all Nevada citizens, and that controls the diversity analysis.  The public records do not reveal the identities of TRIC's managers, but Mr. Don Norman's declaration as to the membership of TRIC is adduced, (*see* Norman Decl., May 16, 2014, ECF No. 15-2, at 116), and Defendants do not rebut it.  This is a self-serving declaration with no supporting evidence.  The Court simply cannot say at this time whether there is complete diversity of citizenship.

Even assuming there were complete diversity, however, the Court must examine whether the assignment of the judgment at issue was collusive.  The Court finds that it was.  "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359.  Factors to be considered in deciding whether an assignment is improper or collusive are: (1) whether there good business reasons for the assignment; (2) whether the assignee had a prior interest in the item; (3) whether the assignment was timed to coincide with commencement of litigation; (4) whether any consideration was given by the assignee; (5) whether the assignment was partial or complete; and (6) whether there was an admission that the motive was to create jurisdiction.  See *Attorneys Trust v. Videotape Computer Prods., Inc.*, 93

F.3d 593, 595–96 (9th Cir. 1996). "The objective fact of who really is the party in interest is the most important thing to be determined. *Id.* at 596. "[E]ven when there is a complete assignment, collusion may be found.  That is most likely to be where there is an excellent opportunity for manipulation, as in transfers between corporations and their subsidiaries or transfers to a shell corporation." *Id.*

Defendants adduce a copy of an Acknowledgement of Assignments of Judgment filed by Don Norman in the Los Angeles Superior Court. (*See* Acknowledgement, Mar. 27, 2014, ECF No. 9-1, at 3).  In that document, Norman states that the judgment was originally entered in favor of himself, Norman Properties, Inc., and TRIC, but that he and Norman Properties, Inc. had assigned their shares of the judgment to TRIC. (*See id.*).  Don Norman has confirmed in his declaration that he is the President of the assignor company, Norman Properties, Inc.  Norman makes no claim of having received any value for the assignment.  In its arguments, TRIC does not claim having given consideration for the assignment but only that it paid the legal fees and costs in the underlying action on behalf of all three original judgment creditors.

The Court can identify no good business reasons for the assignment, which, although apparently complete, was apparently made for no consideration.  The assignment was clearly timed to coincide with the commencement of litigation the day after the assignment.  On the other hand, the assignee had a prior interest in the subject of the assignment and there is no admission of collusion.  On balance, the Court is convinced that the assignment was made to create jurisdiction.  All three of the original judgment creditors are the real parties in interest, and the Court does not doubt that Norman and Norman Properties, Inc. would obtain their share of the original judgment from TRIC were TRIC to prevail here.  If even two of the three judgment creditors, i.e., Norman and one or both of his two companies, had filed suit, there would not have

been jurisdiction here, and Norman would have been able to shuffle the funds between the entities after collection in the state courts. The only purpose for assigning the judgment to TRIC alone, for no consideration, the day before filing suit, was to create diversity jurisdiction. Although the assignment was complete, as in parent–subsidiary transfers, here there is just as good an opportunity for manipulation, as one natural person, Don Norman, is able to manipulate the legal interests of the assignors and the assignee.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 4, 8) are GRANTED. The case is DISMISSED for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Verified Petition for Permission to Practice Pro Hac Vice (ECF No. 14) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall close the case.

IT IS SO ORDERED.

Dated this 16th day of June, 2014.

_____
ROBERT C. JONES
United States District Judge